## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

_____

J&J Productions, Inc.,
            Plaintiff

                                                    Case No. C-1-09-305
        vs                                          (Hogan, M.J.)

James R. Schmalz, et al.,                  **ORDER**
            Defendants


        This matter is before the Court on the Motion for Summary Judgment of Third Party
Defendant, the Southwest Ohio Division of Time Warner Entertainment Company, LLP d/b/a Time
Warner Cable (Doc. 56), Defendants/Third Party Plaintiffs James R. Schmalz and AFB, Inc.'s Brief
in Opposition to Third Party Defendants' Time Warner Cable, Inc.'s Motion for Summary Judgment
(Doc. 67).

### BACKGROUND

        This case involves the boxing program entitled *"The World Awaits": De La Hoya v.
Mayweather, Jr.* which was broadcast on May 5, 2007. The program was promoted by Golden Boy
Promotions which licensed the residential rights to broadcast the program to Home Box Office, Inc.
("HBO"). (Doc. 56, Second Affidavit of Michael Berman at ¶ 11). iN Demand licensed the program
from HBO under an Event License Agreement. (Doc. 56, Second Berman Aff. at ¶12; Doc. 58,
Event License Agreement, at ¶1, filed under seal). Under the terms of the Event License Agreement,
should the boxing event be inadvertently sold to a commercial establishment, TWC would be subject
to a liquidated damage fee to iN Demand. (Event License Agreement, at ¶ 1).

        Plaintiff, a commercial distributor of sporting events, purchased the exclusive commercial
exhibition licensing rights to the program. (Doc. 2, Complaint at ¶13; Doc. 62, Affidavit of Joseph
Gagliardi at ¶ 3, attached). Plaintiff then entered into sub-licensing agreements with various
commercial businesses to which it granted limited sub-licensing rights to allow those businesses to
broadcast the fight to their patrons. (Id. at ¶14; Gagliardi Aff. at ¶ 3). The commercial fee to
broadcast the program in a commercial establishment the size of Defendants' bar was $4,200.00.
(Gagliardi Aff. at ¶ 8, Ex. 1).

        On May 5, 2007, Defendants/Third Party Plaintiff James R. Schmalz and AFB, Inc ordered
the fight to be viewed at Defendants' place of business, The Back Porch Bar and Saloon. Defendants
called Third Party Defendant Time Warner Cable Company ("TWC"), and requested pricing

information regarding the fight. Defendants were informed by a TWC representative that the cost to broadcast the fight on one television set was $54.95. Defendants ordered the fight and had one television set for those patrons wishing to watch it. Defendants did not advertise for the fight, nor was there a cover charge to enter the premises to view the fight. At approximately 10 p.m., the fight was broadcast on one television set for those who wished to watch it. Defendants subsequently received a billing statement from Time Warner Cable at its place of business, listing the fight as an extra event purchased by the Bar at a cost of $54.95. Defendants then paid TWC the amount billed.

TWC contends that it inadvertently sold the program to Defendants, despite an internal TWC policy that prohibits the sale of boxing events like the De La Hoya fight to such bars. (Doc. 56, Ex. 1, Affidavit of Christopher Fender, at ¶ 4). TWC subsequently paid iN Demand the full amount of liquidated damages due under the terms of the Licensing Agreement. (Second Berman Aff. at ¶¶ 15, 16).

On May 4, 2009, Plaintiff filed the present action alleging that Defendants had illegally stolen, pirated and/or intercepted the cable signal and had illegally shown the fight to its patrons. (Doc. 2). Thereafter, Defendants sued TWC. (Doc. 29, Second Amended Third Party Complaint). Defendants/Third Party Plaintiffs contend that, should they be found liable to Plaintiff, TWC is liable to Defendants for contribution and equitable indemnification, fraud, fraudulent misrepresentation, negligent misrepresentation, and unjust enrichment. (Id.).

## OPINION

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323.

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes v. Runyon*, 912 F. Supp. 280, 283 (S.D. Ohio 1995)(Spiegel, J.). "[A]fter a motion for summary judgment has been filed, thereby testing the

resisting party's evidence, a factual issue may not be created by filing an affidavit contradicting [one's own] earlier deposition testimony." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352 (6th Cir. 1991).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. In so doing, the trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Karnes*, 912 F. Supp. at 283. *See also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988). The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 249-50.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a *prima facie* case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Third Party Defendant TWC seeks summary judgment arguing that: 1) any liability in this case is governed by the Event License Agreement under which TWC distributed the fight; and 2) because it made payment of liquidated damages to iN Demand, and in turn, HBO, it has fulfilled its obligations under the terms of the Event License Agreement. Not surprisingly, Third Party Plaintiffs contend that, because they were not parties to the license agreement between TWC and iN Demand, any liability owed to them by TWC is not governed by that agreement. Indeed, the License Agreement specifically states that,

> [t]his Agreement shall inure to the benefit of and shall be binding upon the parties hereto and their permitted successors and assigns. Nothing in this Agreement, expressed or implied, is intended to or shall confer on any person other than the parties hereto, or their respective successors or assigns, any rights, remedies, obligations or liabilities under or by reason of this Agreement.

(Doc. 58, Event License Agreement, at ¶ 19, filed under seal). Thus, the facts, as set forth by TWC, with respect to the licensing agreement and its payment of liquidated damages to iN Demand are not in dispute. However, interesting enough, while there is no genuine issue of material fact in dispute, neither is there legal authority for TWC's argument that the licensing agreement between TWC and iN Demand is somehow binding upon Third Party Plaintiffs, non-parties to the agreement. TWC has simply cited to none. It is TWC's responsibility to demonstrate that it is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(c). Therefore, TWC fails to meet this burden when it cites to no case law or other legal authority in support of its argument. For this reason, TWC has failed to establish that summary judgment in its favor is appropriate

3

## IT IS THEREFORE ORDERED THAT

1)   The Motion for Summary Judgment of Third Party Defendant, the Southwest Ohio
     Division of Time Warner Entertainment Company, LLP d/b/a Time Warner Cable
     (Doc. 56) be **DENIED**.

SO ORDERED.

Date:  9/14/10

Timothy S. Hogan
United States Magistrate Judge

J:\LES\SUMJUDG\schmalz.msj.wpd

4